UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS J. LYON,

                Plaintiff,

           v.

GLOBAL MEDICAL RESPONSE, INC.
et al.,

                Defendants.

_____

**DECISION AND ORDER**

6:25-cv-06217 EAW

## INTRODUCTION

Plaintiff Thomas J. Lyon ("Plaintiff") commenced the instant action against his former employer, defendant Global Medical Response, Inc. and defendant American Medical Response of Rochester (collectively "Defendants"),[1] and others for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b), and New York General Business Law § 380-j. (Dkt. 1). Presently before the Court are Plaintiff's motion for default judgment (Dkt. 23) and Defendants' cross-motion to construe an earlier filing as opposition to Plaintiff's motion and to vacate the entry of default (Dkt. 24). For the reasons that follow, Defendants' motion is granted, and Plaintiff's motion is denied as moot.

## PROCEDURAL HISTORY

Plaintiff filed the current action *pro se* on April 22, 2025. (Dkt. 1). On May 6, 2025, Plaintiff and Defendants stipulated that the deadline for Defendants to answer or

---

[1]     Plaintiff's complaint identifies both Defendants as his employer. (Dkt. 1 at ¶ 1).

otherwise move against the complaint was extended to June 24, 2025. (Dkt. 7). On June 20, 2025, Plaintiff filed an amended complaint. (Dkt. 13).

On July 8, 2025, Plaintiff filed a request for entry of default against Defendants. (Dkt. 16). On the same day, Defendants filed a memorandum of law entitled "opposition to Plaintiff's motion for default and request for extension of time to respond to the amended complaint." (Dkt. 19). Plaintiff filed a reply to Defendants' memorandum of law. (Dkt. 20).

On July 16, 2025, the Clerk issued the entry of default. (Dkt. 22). Plaintiff then filed a motion for default judgment. (Dkt. 23). In response, Defendants filed a motion designated as a motion for reconsideration but which is titled a "motion to request that Defendants' previously filed motion to vacate default be construed as opposition to Plaintiff's motion for default judgment." (Dkt. 24). Plaintiff filed a response to Defendants' motion. (Dkt. 25).

## DISCUSSION

### I.    Legal Standard

Federal Rule of Civil Procedure 55 sets forth the procedural steps for obtaining a default judgment. First, a plaintiff must seek entry of default where a party against whom he seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b).

A motion to set aside an entry of default or default judgment is also governed by Rule 55. It provides that "[t]he court may set aside an entry of default for good cause, and

it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The "good cause" standard under Rule 55(c) is more lenient than the standard under Rule 60(b). *Flect LLC v. Lumia Prod. Co. LLC*, No. 21-cv-10376, 2022 WL 1031601, at *2 (S.D.N.Y. Apr. 5, 2022) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." (internal quotation marks and citation omitted)); *Vega v. Trinity Realty Corp.*, No. 14-CV-7417, 2021 WL 738693, at *3 (S.D.N.Y. Feb. 24, 2021) ("While Rule 55(c) permits defendants to seek relief from a default, the rule differentiates between vacating the entry of a default and vacating a final default judgment. The former may be set aside merely for 'good cause.' Fed. R. Civ. P. 55(c). Setting aside a final default judgment, however, is a more challenging task.").

In determining whether to set aside a default or enter default judgment, a court must consider three criteria: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Dave's Specialty Imports, Inc. v. Roduce for Less, Inc.*, No. 19-cv-7136, 2021 WL 1207121, at *1 (E.D.N.Y. Mar. 31, 2021) (citing *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015)). Courts may also consider other relevant equitable factors, including whether the failure to comply with the court's procedural rules was a mistake made in good faith and also whether the denial of the motion to set aside the default would result in a harsh or unfair outcome. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Ultimately, the decision of whether to set aside a default is committed to the district court's discretion. *McClain v. Gelormino*, No. 9:17-

cv-0046, 2021 WL 4477192, at *3 (N.D.N.Y. Sept. 30, 2021) ("Vacating an entry of default under Rule 55(c) [is] left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." (internal quotation marks and citation omitted)). But "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

## II.    Defendants' Motion to Vacate Entry of Default

As a threshold matter, the Court notes that Defendants' filings have lacked the necessary attention to detail.  Contrary to the characterization in their current motion, Defendants' filing on July 8, 2025 (Dkt. 19) was not filed as a motion, but instead, simply as a memorandum of law.  Likewise, Defendants now characterize the July 8, 2025 memorandum of law as a motion to vacate entry of default, but as noted, the memorandum of law was filed prior to entry of default being issued.

Notwithstanding these flaws, the Court concludes that it is appropriate to vacate the entry of default.  First, Defendants' apparent default was not willful.  Of the three criteria, the issue of willfulness is the most important.  *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) ("Of these factors, willfulness carries the most weight.").  "'Willfulness,' in the context of a default, refers to conduct that is *more* than merely negligent or careless," and "may be found when, for example, a defaulting party acts deliberately, egregiously, or in bad faith." *Parisienne v. Heykorean, Inc.*, No. 19-cv-2257, 2019 WL 6324632, at *2 (S.D.N.Y. Nov. 26, 2019) (internal quotation marks and citation omitted).

- 4 -

Defendants suggest that their failure to timely respond to Plaintiff's amended complaint was an "administrative oversight." (Dkt. 19 at 2). Counsel's filing of a notice of appearance (Dkt. 6) and completion of a waiver of service of the complaint (Dkt. 8) is consistent with a conclusion that they did not willfully attempt to avoid suit. *See Hen v. Parma*, No. 13 Civ. 0624, 2013 WL 2249245, at *1 (E.D.N.Y. May 22, 2013) ("Default is willful where the defendant made a strategic decision and deliberately chose not to appear. Mere negligence or carelessness is insufficient for a finding of willfulness." (internal quotation marks and citation omitted)). In addition, "[c]ourts generally resolve any doubt about [a defendant's] willfulness in [the defendant's] favor." *Diaz v. Westbury Pancake House, Inc.*, No. 16-cv-743, 2017 WL 650733, at *5 (E.D.N.Y. Feb. 1, 2017) (internal quotation marks and citation omitted), *adopted*, No. 16-743, 2017 WL 639253 (E.D.N.Y. Feb. 16, 2017).

With respect to having a meritorious defense, "[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (internal quotation marks and citation omitted). Here, Defendants argue that the amended complaint fails to state a claim upon which relief can be granted and/or that they complied at all times with applicable laws and regulations. At this early stage of the proceedings, the Court concludes that Defendants could present a complete defense to the claims and therefore have presented a meritorious defense.

As to the last factor, a finding of prejudice will be made if the delay "may thwart plaintiff's recovery or remedy, . . . result in the loss of evidence, create increased difficulties

of discovery, or provide greater opportunity for fraud and collusion." *Green*, 420 F.3d at 110 (internal quotation marks and citation omitted).  Here, the delay is extremely minimal and no resulting prejudice is apparent.

Having considered the three relevant factors, the Court concludes that Defendants have sufficiently established "good cause" to set aside the entry of default.  *Enron Oil Corp.*, 10 F.3d at 96 ("'[G]ood cause' . . . should be construed generously."); *see also Sirius XM Radio Inc. v. Aura Multimedia Corp.*, No. 1:21-cv-06963, 2022 WL 1046767, at *7 (S.D.N.Y. Apr. 6, 2022) ("While the Court does not condone Burton's apparent efforts to dodge service, given the strong preference for deciding cases on the merits, the relevant factors ultimately weigh in favor of vacating the default."), *adopted*, No. 1:21-cv-06963, 2022 WL 1266741 (S.D.N.Y. Apr. 28, 2022).  Accordingly, Defendants' motion to construe their prior memorandum of law as opposition to Plaintiff's motion for default judgment and to vacate the entry of default is granted, and Plaintiff's motion for default judgment is denied as moot.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to vacate the entry of default is granted (Dkt. 24), and Plaintiff's motion for default judgment is denied at moot (Dkt. 23).  The Clerk of Court is directed to vacate the entry of default of July 16, 2025.  (Dkt. 22).  Defendants are directed to answer or otherwise respond to the complaint within 7 days of entry of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court


Dated:        July 22, 2025
              Rochester, New York